[Crim. No. 3913. In Bank.—March 11, 1936.]

THE PEOPLE, Respondent, v. TONY CABRERA, Appellant.

No appearance for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

WASTE, C. J.—In an information filed by the district attorney of San Bernardino County the defendant was charged with the murder of Alberta Smith. Defendant entered pleas of not guilty and not guilty by reason of insanity. The latter plea was subsequently withdrawn. At the conclusion of the trial the jury returned a verdict of murder of the first degree without recommendation. From a judgment imposing the extreme penalty and an order denying a new trial, this appeal is prosecuted.

The cause stands submitted on the transcript of the proceedings had in the court below and a memorandum filed

by the attorney-general. No briefs have been filed on behalf of the defendant.

Examination of the record discloses an unprovoked, premeditated homicide properly characterized by the jury as murder in the first degree. It appears that the defendant, 21 years of age, and the deceased, a girl 17 years of age, had been living together as husband and wife, though unmarried, for approximately fifteen months prior to the shooting. Quarrels had resulted in their separation shortly prior thereto. On the day preceding the shooting the defendant made arrangements to purchase a gun from a merchant dealing in such commodities. Police regulations necessitated a delay of twenty-four hours in the delivery of the weapon. During the morning of the day of the homicide, the defendant returned to the store, paid the balance due on the purchase of the gun and took delivery thereof. At approximately 11:30 A. M. of the same morning he visited a tavern, accompanied by the mother of the deceased, whom he had met. While there defendant consumed three or four glasses of beer and, during the course of the conversation, displayed the gun, saying he was going to "get" some fellows with whom he had quarreled. It was thereupon agreed that defendant should proceed to the apartment occupied by the deceased and her mother while the latter undertook to locate the deceased, in the hope of effecting a reconciliation of the parties. The defendant and the mother of the deceased left the tavern at approximately 1 P. M. Both the mother and bartender testified that defendant was not intoxicated when he left. Within a very few minutes all of the parties, the defendant, the deceased and her mother, met at the apartment. The mother testified that the defendant then requested the deceased to return to him; that she declined, whereupon defendant took the gun out of his pocket and threw it on the bed; that the deceased protested she was too young to die; that deceased then stated that defendant had threatened to kill her on three or four prior occasions; that the defendant said "'you are not afraid to die' and he shot"; that the deceased at the time was sitting in a chair and the defendant was standing immediately in front of her; that the bullet entered the forehead of deceased between the eyebrows; and that when the witness went to summon help the defendant fled.

The bartender at the tavern testified, in addition to other things, that defendant left his place at approximately 1 P. M.; that he returned in about twenty minutes and requested that the witness call him a taxicab in a hurry; that the police car arrived first and that defendant handed over the gun and left with the police.

The shooting occurred on March 26, 1935, and the autopsy surgeon testified the deceased died on April 3, 1935, from infection and pneumonia that had set in as a result of the bullet wound.

In his testimony before the coroner's jury and in statements freely and voluntarily made to the chief of police and to the district attorney, all of which were offered in evidence, the defendant, in substance, related the facts as above narrated and candidly admitted shooting the deceased because he "loved her". Upon each of these occasions he stated that he had made up his mind on the day preceding the shooting to kill the deceased, the delay in procuring the gun deferring his plan one day.

Defendant's defense consisted solely of reading a portion of his testimony given at the coroner's inquest and of his denial of a conversation, testified to by one of the police officers, in which defendant, upon being informed that the deceased would probably recover, is supposed to have said that he was sorry he did not kill her because if she recovered he would "have to serve ten or fifteen years in the pen". Though defendant appeared as a witness on his own behalf, he did not deny the killing or offer any explanation thereof, nor did he repudiate his confessions other than as just stated.

Further statement of the record is unnecessary. The evidence, as is apparent from the above summary, discloses a cold-blooded, premeditated murder, properly characterized by the jury as murder of the first degree. We have examined the rulings on the evidence and the instructions given to the jury and find nothing therein prejudicial to the defendant.

The judgment and order are, and each is, affirmed.

Curtis, J., Langdon, J., Shenk, J., Thompson, J., and Seawell, J., concurred.